Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Daniel A. Solitro (SBN: 243908)
dsolitro@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN
INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR
CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I
LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSE LUIS GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE7; and DOES 1 - 10 inclusive,<br><br>Defendants. | CASE NO. 8:13-cv-01588-AG-JPR<br><br>Hon. Andrew J. Guilford<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES SERIES 2007-HE7 MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

| | |
|---|---|
| Date: | March 31, 2014 |
| Time: | 10:00 a.m. |
| Courtroom: | 10D |

[Filed concurrently with: (1) Request for Judicial Notice; and, (2) [Proposed] Order]

Complaint Filed: August 16, 2013

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on March 31, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant U.S. Bank National Association, As Trustee, Successor In Interest To Bank Of America, As Trustee For Certificateholders Of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates Series 2007-HE7 ("U.S. Bank" or "Defendant") will bring for hearing before the Honorable Andrew J. Guilford, United States District Court Judge, in Courtroom 10 D of the United States District Court located at 411 W. Fourth Street, Santa Ana, California, 92701, a Motion to Dismiss each cause of action alleged in the Second Amended Complaint filed by plaintiff Jose Luis Garcia ("Plaintiff").

Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6) on grounds that Plaintiff's Second Amended Complaint fails to state any claim against Defendant upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum and Points of Authorities, Defendant's Request for Judicial Notice, the additional documents submitted therewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing. This Motion seeks dismissal of all of Plaintiff's claims in the Second Amended Complaint against U.S. Bank.

///

///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    This motion is made following the conference of counsel pursuant to L.R. 7-3
2    with Plaintiff's counsel on January 21 and 22, 2014.  Counsel for the parties were
3    unable to resolve the issues addressed in the motion.

4

5    Dated:  February 18, 2014                    Respectfully submitted,

6                                                 LOCKE LORD LLP

7

8                                                 By:  _____ / s/ Daniel A. Solitro _____
9                                                         Conrad V. Sison
10                                                        Daniel A. Solitro
                                                 Attorneys for Defendant
11                                               U.S. BANK NATIONAL
12                                               ASSOCIATION, AS TRUSTEE,
                                                 SUCCESSOR IN INTEREST TO BANK
13                                               OF AMERICA, AS TRUSTEE FOR
                                                 CERTIFICATEHOLDERS OF BEAR
14                                               STEARNS ASSET BACKED
15                                               SECURITIES I LLC, ASSET-BACKED
                                                 CERTIFICATES, SERIES 2007-HE7
16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

U.S. BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
*Jose Luis Garcia v. JPMorgan Chase Bank, N.A., et al.*, Case No. 8:13-cv-01588-AG-JPR

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...............................................1

INTRODUCTION ................................................................................................1

RELEVANT FACTUAL BACKGROUND ...........................................................3

I.   PLAINTIFF'S MORTGAGE LOAN, DEFAULT AND FORECLOSURE
     PROCEEDINGS...........................................................................................3

II.  PROCEDURAL HISTORY. ........................................................................3

ARGUMENT .......................................................................................................4

I.   APPLICABLE LEGAL STANDARD. ........................................................4

II.  THE SAC FAILS TO STATE ANY VIABLE CAUSE OF ACTION...............5

     A.   The SAC Fails To State A Claim For Violation of California's
          Homeowners' Bill of Rights. ...............................................................5

          1.   Plaintiff's HBOR Claims Are All Barred Because the SAC Fails
               To Allege A Lack Of Compliance With The Consent Judgment....6

          2.   The SAC Fails to State A Claim For Violation of Civil Code
               Section 2923.7. ........................................................................7

          3.   The SAC Fails to State A Claim For Violation of Civil Code
               Section 2923.6. ........................................................................8

     B.   The SAC Fails To State A Claim For Negligent Misrepresentation. ........9

          1.   U.S. Bank Does Not Owe A Legal Duty Of Care To Plaintiff. ....10

          2.   The SAC Does Not Meet the Heightened Pleading Standard
               Under FRCP 9(b). ....................................................................11

          3.   The SAC Fails To Sufficiently Allege The Requisite Elements
               For Negligent Misrepresentation. ..............................................12

     C.   The SAC Fails to State A Claim for Negligence. ...................................13

     D.   The SAC Fails To State A Claim for Violation of the UCL....................15

CONCLUSION ....................................................................................................18

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

U.S. BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
*Jose Luis Garcia v. JPMorgan Chase Bank, N.A., et al.*, Case No. 8:13-cv-01588-AG-JPR

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Altman v. PNC Mortg.*,
    850 F.Supp.2d 1057 (E.D.Cal. 2012) ....................................................... 17

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ......................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................................... 5

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) .................................................................... 11

*DeLeon v. Wells Fargo Bank, N.A.*,
    729 F.Supp.2d 1119 (N.D.Cal. 2010)......................................................... 16

*DeLeon v. Wells Fargo Bank, N.A.*,
    No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011).................. 18

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) ........................................................................ 5

*Gutierrez v. PNC Mortg.*,
    No. 10cv01770, 2012 WL 1033063 (March 26, 2012) ........................................ 17

*Justo v. Indymac Bancorp*,
    No. 09-1116 JVS, 2010 WL 623715 (C.D. Cal. Feb. 19, 2010) .......................... 18

*Lindberg v. Wells Fargo Bank N.A.*,
    No. 13-0808, 2013 WL 1736785 (N.D. Cal. Apr. 22, 2013) ................................ 9

*Marcelos v. Dominguez*,
    No. 08-0056, 2008 WL 1820683 (N.D. Cal. Apr. 21, 2008) ........................... 11, 12

*Newbronner v. Milken*,
    6 F.3d 666, 672 (9th Cir. 1993) .................................................................. 11

*Nool v. HomeQ Servicing*,
    653 F.Supp.2d 1047 (E.D.Cal.2009) ......................................................... 17

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

U.S. BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
*Jose Luis Garcia v. JPMorgan Chase Bank, N.A., et al.*, Case No. 8:13-cv-01588-AG-JPR

**TABLE OF AUTHORITIES**
(cont.)

Page(s)

*Nunez v. Bank of America, N.A.*,
  No. C 11-0081, 2011 WL 1058545 (N.D. Cal. March 22, 2011) ........................... 16

*Pantoja v. Countrywide Home Loans, Inc.*,
  640 F. Supp. 2d 1177 ................................................................................. 15

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F. 3d 788 (9th Cir. 2007) .................................................................... 15

*Rangel v. DHI Mortg. Co., Ltd.*,
  No. 09-1035, 2009 WL 2190210 (E.D. Cal. Jul. 21, 2009) .................................. 10

*Rockridge Trust v. Wells Fargo, N.A.*,
  Case No. C-13-1457, 2013 WL 5428722 (N.D. Cal. Sept. 25, 2013)...................... 7

*Schwartz v. KPMG LLP*,
  476 F.3d 756, 765 (2006) ........................................................................... 11

*Shroyer v. New Cingular Wireless Serv., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ....................................................................... 4

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ......................................................................... 5

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................. 11, 12

*Winterbower v. Wells Fargo Bank, N.A.*,
  No. 13-0360, 2013 WL 1232997 (C.D. Cal. Mar. 27, 2013).............................. 6

STATE CASES

*Cadio v. Owens–Illinois, Inc.*,
  125 Cal.App.4th 513 (2004) ......................................................................... 11

*Clayworth v. Pfizer, Inc.*,
  49 Cal. 4th 758 (2010) ................................................................................ 18

*Copesky v. Super. Ct.*,
  229 Cal. App. 3d 678 (1991) ....................................................................... 10

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

iii

**TABLE OF AUTHORITIES**
(cont.)

**Page(s)**

*Daro v. Superior Court* ,
   151 Cal. App. 4th 1079 (2007) ..................................................................... 18

*Eddy v. Sharp*,
   199 Cal.App.3d 858 (1988) .......................................................................... 10

*Farmers Ins. Exch. v. Super. Ct.*,
   2 Cal. 4th 377 (1992) .................................................................................... 15

*Fox v. Pollack*,
   181 Cal.App.3d 954 (1986) .......................................................................... 12

*Kentucky Fried Chicken of California, Inc. v. Superior Court*,
   14 Cal. 4th 814 (1997) ............................................................................ 10, 13

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal.App.4th 612 (1993) ........................................................................... 15

*Mabry v. Superior Court*,
   185 Cal.App.4th 208 (2010) ......................................................................... 16

*Mendoza v. City of Los Angeles*,
   66 Cal.App.4th 1333 (1998) ......................................................................... 13

*Nichols v. Keller*,
   15 Cal. App. 4th 1672 (1993) ................................................................... 10, 14

*Nymark v. Heart Fed. Savings & Loan Assoc.*,
   231 Cal. App. 3d 1089 (1991) ...................................................................... 10

*Oaks Management Corp. v. Superior Court*,
   145 Cal. App. 4th 453 (2006) ....................................................................... 10

*Price v. Wells Fargo Bank*,
   213 Cal. App. 3d 465 (1989) ........................................................................ 10

*Small v. Fritz Companies, Inc.*,
   30 Cal.4th 167 (2003) ................................................................................... 11

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

iv

# TABLE OF AUTHORITIES
## (cont.)

**Page(s)**

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.*......................................................4, 5, 15

Cal. Bus. & Prof. Code § 17203 ...............................................................15

Cal. Bus. & Prof. Code § 17204 ...........................................................15, 18

Cal. Civ. Code § 2923.5 ....................................................................15, 16

Cal. Civ. Code § 2923.5(a)(2)..................................................................16

Cal. Civ. Code § 2923.6 ...........................................................2, 6, 7, 8, 9

Cal. Civ. Code § 2923.6(c) ......................................................................8

Cal. Civ. Code § 2923.6(g) ......................................................................9

Cal. Civ. Code § 2923.6(h) ......................................................................8

Cal. Civ. Code § 2923.7 ...............................................................2, 6, 7, 8

Cal. Civ. Code § 2923.7(a) ......................................................................7

Cal. Civ. Code § 2923.7(b)(2) ..................................................................8

Cal. Civ. Code § 2923.7(e) ......................................................................7

Cal. Civ. Code § 2923.55 ........................................................................7

Cal. Civ. Code § 2924.9 .........................................................................6

Cal. Civ. Code § 2924.10 ........................................................................6

Cal. Civ. Code § 2924.11 ........................................................................6

Cal. Civ. Code § 2924.12 ......................................................................6, 7

Cal. Civ. Code § 2924.12(g) ....................................................................6

Cal. Civ. Code § 2924.17 ........................................................................6

Cal. Fin. Code § 4970, *et seq.*.......................................................15, 16, 17

v

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES
## (cont.)

Page(s)

Cal. Fin. Code § 4970(b) ........................................................................ 17

Cal. Code Civ. Proc. § 340 ..................................................................... 16

**FEDERAL RULES**

Federal Rule of Civil Procedure 9(b).......................................................... 11

Federal Rule of Civil Procedure 12(b)(6) .................................................... 4

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

U.S. BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
*Jose Luis Garcia v. JPMorgan Chase Bank, N.A., et al.*, Case No. 8:13-cv-01588-AG-JPR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant U.S. Bank National Association, As Trustee, Successor In Interest To Bank Of America, As Trustee For Certificateholders Of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates Series 2007-He7 ("U.S. Bank" or "Defendant") hereby moves to dismiss each cause of action in the Second Amended Complaint ("SAC") filed by Plaintiff Jose Luis Garcia ("Plaintiff" or "Garcia").

## <u>INTRODUCTION</u>

On December 23, 2013, the Court granted U.S. Bank's Motion to Dismiss each cause of action in Plaintiff's First Amended Complaint ("FAC"), noting that U.S. Bank's Motion made "powerful arguments for dismissing Plaintiff's FAC." (Dkt. No. 34.) Despite Plaintiff having failed to oppose U.S. Bank's Motion, the Court provided Plaintiff with another opportunity to attempt to plead a viable cause of action. Plaintiff's SAC, however, fails to address the myriad flaws identified by U.S. Bank in Plaintiff's previous pleading. Instead, the SAC alleges the same claims based on the same allegations of purported wrongdoing. The Court should again grant U.S. Bank's Motion to Dismiss and do so without leave to amend.

This case relates to the real property located at 629 South Reseda Street, Anaheim, California 92806 (the "Subject Property") and the loan Plaintiff obtained to refinance the Subject Property in July 2007. (SAC ¶¶ 1, 12.). Plaintiff concedes in the SAC that he received the loan, that he failed to make the requisite payments under the loan, and that his failure to make the payments was a result of his "financial difficulty due to a job loss and lesser household income because of the recession." (SAC ¶¶ 12, 18.)

The SAC asserts five purported causes of action based on Plaintiff's allegations that he was improperly denied a loan modification after he fell into default on his loan. Plaintiff is not entitled to a loan modification under any statute or other law. Nor does the SAC allege any wrongful conduct by U.S. Bank in the handling of Plaintiff's loan. All of Plaintiff's claims are meritless and should be dismissed.

1

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

The first and second causes of action in the SAC allege violations of California's Homeowners' Bill of Rights ("HBOR").  The Court addressed—and rejected—identical allegations in Plaintiff's FAC.  The SAC again alleges a violation of Civil Code section 2923.7 based on defendant JPMorgan Chase Bank, N.A.'s ("Chase") failure to appoint a "single point of contact" for Plaintiff's loan."  As identified in U.S. Bank's Motion to Dismiss the FAC, this statute section expressly states it only applies to *mortgage loan servicers*. U.S. Bank is not, and has never been the mortgage loan servicer for Plaintiff's loan.

The SAC also fails again to state a violation of Section 2923.6 for purported "dual tracking" of the foreclosure and loan modification review.  As noted in previous motions filed by U.S. Bank, since Plaintiff's pleadings make clear there was no *complete* loan modification package submitted prior to a Notice of Default being recorded, there can be no violation of this statute.  Moreover, the HBOR expressly bars a borrower's attempt to indefinitely postpone foreclosure proceedings by repeatedly submitting loan modification applications such as Plaintiff attempts to do here.

Plaintiff's causes of action for negligence and negligent misrepresentation fail, for among other reasons, because U.S. Bank owes no legal duty to Plaintiff.  Further, the SAC still identifies no statements made by U.S. Bank to Plaintiff, let alone misrepresentations upon which Plaintiff relied on to his detriment.  Again, Plaintiff concedes that he stopped making payments on his mortgage because his financial situation changed and this change had nothing to do with any conduct by U.S. Bank or anyone else associated with Plaintiff's loan.

For the above stated reasons and those provided in greater detail below, the Court should grant U.S. Bank's Motion and dismiss each cause of action alleged in Plaintiff's SAC without leave to amend.

///

///

1

**RELEVANT FACTUAL BACKGROUND**

2

**I.     PLAINTIFF'S MORTGAGE LOAN, DEFAULT AND FORECLOSURE**

3

**PROCEEDINGS.**

4

Plaintiff purchased the Subject Property in December 2004.  (SAC ¶ 11.)  On

5

July 27, 2007, Plaintiff obtained a $533,000 loan from Encore Credit to refinance his

6

loan that was secured by the Subject Property.  (*Id*. ¶ 12.)  Plaintiff also executed a

7

Deed of Trust that was recorded in the Official Records of Orange County on August

8

1, 2007.  (*Id*. ¶ 16 and Ex. A.)  The interest in the Note and Deed of Trust were later

9

transferred to U.S. Bank and an Assignment of Deed of Trust was recorded.  (*Id*. ¶ 2;

10

FAC Ex. B.)

11

The SAC alleges that "[i]n late 2009" Plaintiff "suffered financial difficulty due

12

to a job loss and lesser household income because of the recession."  (SAC ¶ 18.)

13

Plaintiff's financial difficulty forced him to "exhaust" his "economic resources" and

14

"eventually Plaintiff fell behind on his mortgage payments."  (FAC ¶ 18.)  Plaintiff

15

"applied for a loan modification" after he defaulted on his loan in 2009.  (SAC ¶ 19.)

16

He continued "throughout 2011" to submit financial documents for a loan

17

modification.  (*Id*. ¶ 20.)  Plaintiff was "later denied his application" for a loan

18

modification.  (FAC ¶ 20.)

19

Plaintiff alleges that on March 18, 2013 he "appl[ied] again for a loan

20

modification."  (SAC ¶ 33.)  Defendant Chase requested additional documents relating

21

to the loan modification application on April 4, 2013, April 8, 2013 and again on

22

April 30, 2013.  (*Id*. ¶¶ 34, 35 and 41.)

23

After Plaintiff failed to cure the default on his loan, a Notice of Default and

24

Election to Sell Under Deed of Trust was recorded on April 29, 2013 stating that

25

Plaintiff was in default in the amount of $8,973.00.  (SAC ¶ 36 and Ex. B.)  The

26

foreclosure sale of the Subject Property has not yet occurred.

27

**II.    PROCEDURAL HISTORY.**

28

Plaintiff filed his original Complaint on August 16, 2013 in the Superior Court

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

3

1    of California, County of Orange.  (Dkt. No. 1, Ex. 1.)  U.S. Bank was served with the

2    Complaint on September 18, 2013.  The case was removed to federal court based on

3    diversity jurisdiction on October 11, 2013.  (Dkt. No. 1.)

4        Plaintiff filed his FAC on November 8, 2013.  (Dkt. No. 24.)  Plaintiff's FAC

5    asserted six purported causes of action for (1) "Violation of Homeowner Bill of

6    Rights—Single Point of Contact"; (2) "Violation of Homeowner Bill of Rights—

7    Verification of Documents"; (3) "Violation of Homeowner Bill of Rights—Dual

8    Tracking"; (4) negligent misrepresentation; (5) negligence; and, (6) violation of

9    California's Business & Professions Code section 17200.

10       U.S. Bank filed a Motion to Dismiss each of the six causes of action alleged in

11   the FAC on November 26, 2013, setting the hearing for January 6, 2014.  (Dkt. No.

12   29.)  Plaintiff did not file any opposition to U.S. Bank's Motion.  On December 23,

13   2013, the Court issued an Order Granting Motion to Dismiss and vacating the hearing

14   date.  (Dkt. No. 34.)  The Court expressly noted that U.S. Bank's Motion "present[ed]

15   powerful arguments for dismissing Plaintiff's FAC."  (*Id.*)  The Court, however,

16   granted Plaintiff leave to amend.

17       On January 14, 2014, Plaintiff filed his SAC.  The SAC again is based on

18   Plaintiff's allegations that he was wrongfully denied a loan modification after he

19   admittedly fell into default on his loan.  It asserts the same causes of action as the

20   FAC, except it no longer asserts a violation of the HBOR based on "Verification of

21   Documents" (the Second Cause of Action in the FAC).  The SAC fails to cure the

22   myriad defects identified in U.S. Bank Motion to Dismiss the FAC.

23                                    **ARGUMENT**

24   **I.    APPLICABLE LEGAL STANDARD.**

25       Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed

26   as a matter of law because it fails to allege sufficient facts to support a cognizable

27   legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th

28   Cir. 2010).  While the Court must take all well-plead factual allegations as true, and

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff, "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (internal citations and brackets omitted). To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* In other words, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Moreover, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II.   THE SAC FAILS TO STATE ANY VIABLE CAUSE OF ACTION.

Plaintiff's SAC once again asserts purported causes of action for (1) "Violation of Homeowner Bill of Rights—Single Point of Contact"; (2) "Violation of Homeowner Bill of Rights—Dual Tracking"; (3) negligent misrepresentation; (4) negligence; and, (5) violation of California's Business & Professions Code section 17200. The SAC, however, fails to cure any of the myriad defects in the same claims in Plaintiff's FAC. Therefore, the Court should again dismiss each cause of action for the various reasons identified in this Motion.

### A.   The SAC Fails To State A Claim For Violation of California's Homeowners' Bill of Rights.

The first and second causes of action in the SAC allege purported violations of California's Homeowners' Bill of Rights ("HBOR") based on: (1) the failure to

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  appoint a "single point of contact" and (2) "dual tracking" of the foreclosure sale of

2  the Property while loan modification review was still ongoing.  Each claim under the

3  HBOR fails because the consent judgment entered into by Chase bars such claims.

4  Further, the allegations in the SAC are insufficient to allege a violation of the statutory

5  sections identified in the SAC.

          **1.     Plaintiff's HBOR Claims Are All Barred Because the SAC**

6

7                     **Fails To Allege A Lack Of Compliance With The Consent**

8                     **Judgment.**

9        Plaintiff's first and second causes of action in the SAC are barred because

10  named defendant Chase—the party that purportedly failed to properly handle

11  Plaintiff's loan modification—is in compliance with the consent judgment that,

12  pursuant to the HBOR, expressly bars the claims Plaintiff is asserting in the first and

13  second causes of action in the SAC.

14        Section 2924.12(g) of California's HBOR provides that "[a] signatory to a

15  consent judgment entered in the case entitled *United States of America et al. v. Bank*

16  *of America Corporation et al.*, filed in the United States District Court for the District

17  of Columbia, case number 1:12-cv-00361 RMC, that is in compliance with the

18  relevant terms of the Settlement Term Sheet of that consent judgment with respect to

19  the borrower who brought an action pursuant to this section while the consent

20  judgment is in effect shall have no liability for a violation of Section 2923.55, **<u>2923.6</u>**,

21  **<u>2923.7</u>**, 2924.9, 2924.10, 2924.11, or 2924.17."  Civ. C. § 2924.12 (emphasis added).

22  Chase is a signatory to the consent judgment.  (Request for Judicial Notice, Ex. 1 at

23  pp. 1, 59). Therefore, Chase's purported failure to comply with the statutory

24  requirement does not provide Plaintiff with a cause of action.  *See e.g.*, *Winterbower*

25  *v. Wells Fargo Bank, N.A.*, No. 13-0360, 2013 WL 1232997, at *4 (C.D. Cal. Mar. 27,

26  2013) (denying an application for a temporary restraining order, stating: "[Defendant]

27  is a party to … settlement reached in *United States of America et al. v. Bank of*

28  *America Corporation et al.*, 1:12–cv00361 RMC, in D.C. District Court.  By

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

California Civil Code Section 2924.12, which explains a homeowner's injunctive remedies under the Homeowner Bill of Rights, a signatory to that settlement 'shall have no liability for a violation of Section ... 2923.6' so long as the signatory is in compliance with the relevant terms from the Settlement Term Sheet.  Plaintiffs make no such allegations as to a lack of compliance with the settlement.") (record citations omitted).

For this reason alone, the Court must dismiss the first and second causes of action in the SAC.

### 2.    The SAC Fails to State A Claim For Violation of Civil Code Section 2923.7.

The first cause of action in the SAC again alleges that defendant Chase violated California Civil Code section 2923.7 by failing to appoint a "single point of contact" for Plaintiff to discuss his loan.  (SAC ¶¶ 25-42.)

Initially, the claim fails against U.S. Bank because the statute only places an obligation on "a mortgage servicer" to "establish a single point of contact."  Civ. Code § 2923.7(a); *see also Rockridge Trust v. Wells Fargo, N.A.*, Case No. C-13-1457, 2013 WL 5428722, at *27 (N.D. Cal. Sept. 25, 2013) ("the statute imposes duties only on the loan servicer").  Here, U.S. Bank is not, and has never been, the loan servicer for Plaintiff's loan.

Further, pursuant to the HBOR, a single point of contact" may be an individual or a team, so long as each member of the team "has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive" and is "knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process."  Cal. Civ. Code § 2923.7(e).  The SAC, however, does not and could not allege how any person at Chase or anyone else associated with his loan lacked such ability, authority, or knowledge of his "situation and current status in the alternatives to foreclosure process."  To the contrary, the SAC outlines the loan modification application process and that representatives from Chase contacted him or

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

his representatives requesting additional documents to complete the review for a loan modification.  (SAC ¶¶ 33-41.)  Indeed, this is exactly what the statute outlines the "single point of conduct" is "responsible for doing," namely "[c]oordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application."  Civ. Code § 2923.7(b)(2).

For all of the above stated reasons, the SAC fails to state a viable cause of action for violation of Civil Code section 2923.7.

### 3.    The SAC Fails to State A Claim For Violation of Civil Code Section 2923.6.

The second cause of action in the SAC asserts a violation of California Civil Code section 2923.6 alleging that a Notice of Default was recorded while Plaintiff was still being reviewed for a loan modification.  This claim also fails.

Initially, Section 2923.6(c) does not require any lender to give a borrower a loan modification.  Instead, it states that "*If a borrower submits a __complete application__* for a first lien loan modification," no notice of default shall be recorded until the review of the application is completed.  Cal. Civ. Code § 2923.6(c) (emphasis added).  Section 2923.6(h) further explains that "an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with *all documents* required by the mortgage servicer."  Cal. Civ. Code § 2923.6(h) (emphasis added).  The allegations in the SAC itself defeat Plaintiff's claim.

The SAC alleges that Plaintiff tried to "apply again" in March 2013 for a loan modification.  (SAC ¶ 33.)  The application was received by Chase which requested additional information in April 2013.  (*Id*. ¶¶ 34-35.)  The Notice of Default was recorded on April 29, 2013.  (*Id*. ¶ 36 and Ex. B.)  On April 29, 2013, however, there was not a "complete application" for a loan modification.  To the contrary, the SAC expressly states that Chase contacted Plaintiff again on **April 30, 2013** "requesting additional documents." (*Id*. ¶ 41.)  Therefore, the recording of the Notice of Default

8

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

was not a violation of the statute because no "complete application" had yet been submitted by the borrower Plaintiff.  *See Lindberg v. Wells Fargo Bank N.A.*, No. 13-0808, 2013 WL 1736785, *3 (N.D. Cal. Apr. 22, 2013) ("Section 2923.6 provides only that a lender may not foreclose if the borrower 'submits a complete application for loan modification.' Because plaintiff cannot establish that she submitted a completed modification application, this argument fails.") (internal citation omitted).

Further, Plaintiff cannot indefinitely postpone foreclosure proceedings by repeatedly submitting loan modification applications.  Plaintiff concedes he applied for, was considered and was denied a loan modification in 2011. (SAC ¶¶ 19-20.)  The HBOR contains provisions designed to prevent borrowers from indefinitely delaying foreclosure by submitting repeated loan modification applications.  The California legislature, in an effort to lessen the risk based on such requests from borrowers, included Civil Code § 2923.6(g) in the HBOR, which expressly provides:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, **the mortgage servicer shall *not* be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013**….

Cal. Civ. Code § 2923.6(g) (emphasis added).  The SAC and Plaintiff's previous pleading all outline the previous evaluation of Plaintiff for a loan modification. Therefore, even if Plaintiff could bring a claim under the HBOR, the SAC still fails to assert a viable cause of action.

## B.   The SAC Fails To State A Claim For Negligent Misrepresentation.

The third cause of action in the SAC purports to assert a claim for "negligent misrepresentation."  (SAC ¶¶ 57-67.)  Plaintiff's claim fails for various independent reasons, including:  (1) U.S. Bank owes no legal duty to Plaintiff; (2) the SAC does not meet the heightened pleading standard for a fraud-based claim; and, (3) the SAC fails to sufficiently allege the requisite elements to assert a claim for negligent

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

misrepresentation.

### 1.   U.S. Bank Does Not Owe A Legal Duty Of Care To Plaintiff.

"As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person. The determination of whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal.App.3d 858, 864 (1988); *see also Kentucky Fried Chicken of California, Inc. v. Superior Court*, 14 Cal. 4th 814, 819 (1997) (court determines as a question of law the existence of a legal duty on the part of the defendant.).  "Absent the existence of duty …there can be no breach and no negligence." *Nichols v. Keller*, 15 Cal. App. 4th 1672, 1683 (1993); *see also Nymark v. Heart Fed. Savings & Loan Assoc.*, 231 Cal. App. 3d 1089, 1096 (1991) (duty of care owed to a plaintiff is a prerequisite to establishing a claim for negligence.).

California courts have resoundingly held, in the mortgage loan context, there is no fiduciary duty or duty of care owed to a borrower where an institution's involvement in the loan transaction "does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096; *see also Rangel v. DHI Mortg. Co., Ltd.*, No. 09-1035, 2009 WL 2190210, at *4 (E.D. Cal. Jul. 21, 2009) (same).  The law is clear in California that in a typical mortgage lending context, such as the instant case, a lender owes no fiduciary duty to the borrower.  *See Nymark v. Hart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"); s*ee also Oaks Management Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006) ("a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender"); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) ("[a] debt is not a trust and there is not a fiduciary relation between a debtor and a creditor as such.  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.")

10

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   (internal cites omitted); *Copesky v. Super. Ct.*, 229 Cal. App. 3d 678, 694 (1991) ("[i]t

2   is thus our conclusion that banks, in general and in this case, are not fiduciaries for

3   their depositors …").  The transaction at issue in the SAC does not exceed the scope

4   of a conventional loan of money.  It involved a typical mortgage loan and, when

5   Plaintiff fell into default, a consideration of a loan modification on terms that would

6   make the loan performing.

7        The lack of a legal duty alone defeats Plaintiff's third cause of action.

8        **2.    The SAC Does Not Meet the Heightened Pleading Standard**

9            **Under FRCP 9(b).**

10        A complaint based upon allegations of fraud must also meet the heightened

11   standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure, which

12   mandates that allegations of fraud and misrepresentation be "specific enough to give

13   defendants notice of the particular misconduct which is alleged to constitute the fraud

14   charged so that they can defend against the charge and not just deny that they have

15   done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)

16   (quoting *Newbronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)); Fed. R. Civ. P. 9(b).

17   As with a fraud claim, "[e]ach element in a cause of action for … negligent

18   misrepresentation must be factually and specifically alleged."  *Cadio v. Owens–*

19   *Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004) (citing *Small v. Fritz Companies, Inc.*,

20   30 Cal.4th 167, 173 (2003))  "For fraud claims involving multiple defendants, the

21   plaintiff must, at a minimum, 'identify the role of each defendant in the alleged

22   fraudulent scheme.'"  *Marcelos v. Dominguez*, No. 08-0056, 2008 WL 1820683, at *9

23   (N.D. Cal. Apr. 21, 2008) (quoting *Schwartz v. KPMG LLP*, 476 F.3d 756, 765

24   (2006)).  Accordingly, to satisfy Rule 9(b)'s standard, a plaintiff must offer the "who,

25   what, when, where and how" that support his or her allegations.  *Vess v. Ciba-Geigy*

26   *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

27        The SAC here simply makes allegations only against defendant Chase and

28   makes no specific allegations of any conduct or any statements by U.S. Bank.  This

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

falls woefully short of the heightened pleading standard for a claim of negligent misrepresentation. The SAC does not identify the "who, what, when, where and how" as to defendant U.S. Bank as required to meet the pleading standard. *Id.* Indeed, it fails to meet the "minimum" requirement of identifying the role of each defendant in the alleged fraudulent activity. *See Marcelos*, 2008 WL 1820683, at *9.

### 3. The SAC Fails To Sufficiently Allege The Requisite Elements For Negligent Misrepresentation.

Even if U.S. Bank owed Plaintiff a legal duty (it does not), the SAC still fails to allege the elements to state a viable claim for negligent misrepresentation. "Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986).

Plaintiff's claim for "negligent misrepresentation" is fundamentally flawed because the SAC does not allege any misrepresentation, but instead merely alleges that somehow Chase made misrepresentations by considering Plaintiff for a loan modification but ultimately denying him for a modification. The only purported misrepresentation identified in the SAC is the Notice of Default recorded after Plaintiff admittedly defaulted on his loan. Specifically, the SAC points to the declaration which states that Chase attempted to contact Plaintiff to discuss his financial situation "thirty days or more" before the declaration was executed on March 28, 2013. (SAC ¶ 60 and Ex. B.) That is, the declaration asserts that Chase made diligent efforts to contact Plaintiff on or before February 26, 2013. The SAC makes the illogical contention that this statement must be a misrepresentation because Plaintiff submitted a loan modification application on March 18, 2013 and had correspondence with Chase in April 2013. (SAC ¶¶ 60-63.) Of course, it is irrelevant

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  that these events occurred *after* the efforts were made by Chase to contact Plaintiff—

2  which the declaration expressly states occurred on or before February 26, 2013 (i.e. 30

3  days before the declaration was made on March 28, 2013).

4       The SAC also fails to allege detrimental reliance on any alleged

5  "misrepresentation."  Specifically, there are no allegations of any action Plaintiff took

6  *based on* the statements by any defendant.  The SAC does not allege any further loan

7  payments were made or that Plaintiff had the ability to remain current on his

8  payments.  To the contrary, the SAC acknowledges Plaintiff became delinquent on

9  monthly payments on the Loan despite depleting his savings in an attempt to stay

10  current.  (FAC ¶ 18.)  The SAC also acknowledges that Plaintiff "suffered financial

11  difficulty due to a job loss and lesser household income because of the recession" in

12  2009, and not because of any conduct by any named defendant.  (SAC ¶ 18.)  The

13  failure to make such payments occurred *before* any purported "misrepresentations" by

14  Chase.  (*Id*. ¶¶ 18-20.)

15       For the same reasons, the SAC fails to allege any damages *caused* by the

16  purported misrepresentations.  Again, no further loan payments are alleged to have

17  been made.  Nor can the "damages" alleged be the foreclosure of the Property which

18  was the result of Plaintiff's' acknowledged default on his mortgage loan and not any

19  conduct of U.S. Bank or any other named defendants.

20       For all of the above reasons, the SAC fails to state a claim for negligent

21  misrepresentation.

22      **C.**    **The SAC Fails to State A Claim for Negligence.**

23       The fourth cause of action in the SAC asserts a claim for negligence.  (SAC ¶¶

24  68-79.)  "The elements of a cause of action for negligence are (1) a legal duty to use

25  reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between

26  the breach and (4) the plaintiff's injury."  *Mendoza v. City of Los Angeles*, 66

27  Cal.App.4th 1333, 1339 (1998) (citation omitted).  The existence of a duty is a matter

28  of law determined by the court.  *Kentucky Fried Chicken of Cal., Inc. v. Superior*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    *Court*, 14 Cal.4th 814, 819 (1997).  "Absent the existence of duty… there can be no

2    breach and no negligence."  *Nichols v. Keller*, 15 Cal.App.4th 1672, 1683 (1993);

3        As discussed above in Section II.B.1, U.S. Bank owes no legal duty of care to

4    Plaintiff and, therefore, any claim for negligence necessarily fails.

5        Further, even if any legal duty were owed to Plaintiff, it is unclear how U.S.

6    Bank breached its duty.

7        In is not entirely clear what conduct Plaintiff alleges is negligent.  Indeed, there

8    are no specific allegations directed at U.S. Bank.  U.S. Bank should not be forced to

9    decipher what alleged conduct Plaintiff believes supports a cause of action. The extent

10   U.S. Bank is forced to do so—and assuming its interpretation is correct—the

11   allegations in the SAC still fail to support a viable claim for negligence.

12       Initially, the SAC appears to simply allege that the failure to provide Plaintiff

13   with a loan modification is a breach of such duty because it forced the foreclosure of

14   the Property.  (SAC ¶ 76.)  Of course, Plaintiff was not entitled to a loan modification

15   and his default was not caused by any conduct by any named defendant.  That is, none

16   of the other elements for negligence are adequately plead in the SAC.

17       Next, Plaintiff again asserts that there was a violation of the HBOR.  For all of

18   the reasons addressed *supra*, these contentions fail.

19       Finally, Plaintiff argues that there was negligence based on the origination of

20   his loan in July 2007.  Any claim based on conduct at the origination of the loan, of

21   course, is barred by the two-year statute of limitations. Cal. C.C.P. § 335.1.

22   Regardless, Plaintiff does not identify any grounds that an adjustable rate note or a

23   note requiring initial payments of interest only amount to "negligence" by any

24   defendant.  Indeed, the SAC expressly states that Plaintiff made his loan payments

25   through 2009 when his financial situation changed because of the recession that did

26   not allow him to continue to make his payments.

27       The fourth cause of action in the SAC fails for myriad independent reasons and

28   should be dismissed.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

14

### D.    The SAC Fails To State A Claim for Violation of the UCL.

Plaintiff's fifth cause of action is brought pursuant to California Business and Professions Code §§ 17200 *et seq*. (the "UCL").  (SAC ¶¶ 80-91.)  To state a claim under the UCL, Plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" as a result of which she suffered an "injury in fact" and "lost money or property."  Cal. Bus. & Prof. Code §§ 17203, 17204.  Further, "[a] defendant's liability must be based on his personal participation in the unlawful practice and unbridled control over the practices that are found to violate [the UCL]."  *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F. 3d 788, 808-09 (9th Cir. 2007) (citation omitted).  Additionally, Plaintiff "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc*., 14 Cal.App.4th 612, 619 (1993).  Plaintiff's UCL claim fails to comply with these requirements and, as such, must be dismissed.

The SAC alleges violation of various statutes, including (1) California's HBOR; (2) California Civil Code section 2923.5; and, (3) California Financial Code sections 4970 *et seq*.  These allegations are insufficient to support a UCL claim.

*First,* Plaintiff's UCL claim cannot be based on his HBOR claims for all of the reasons discussed *supra* in this Motion.  Therefore, to the extent the UCL claim is based on a violation of the HBOR, it is irreparably infirm.  *See Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1186; 1190-91 (N.D. Cal. 2009) ("since the Court has dismissed all of the Plaintiffs' predicated violations, Plaintiffs cannot state a claim under the unlawful business practice prong of the UCL"); *see Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992) (the UCL borrows violations of other laws).

*Second*, the SAC alleges a purported statutory violation of California Civil Code section 2923.5.  (SAC ¶ 82.)  Of course, the allegations in the SAC itself make clear that this statute was complied with when Plaintiff was considered for a loan modification.  The only obligation under Section 2923.5 is limited to telling the

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  borrower the traditional ways that foreclosure can be avoided and not a requirement
2  that a lender rewrite or modify the loan.  *See Mabry v. Superior Court*, 185
3  Cal.App.4th 208, 204, 218 (2010).  Needless to say, the facts alleged in the SAC itself
4  clearly demonstrate that the requirements under Section 2923.5 were satisfied prior to
5  the issuance of the Notice of Default.  *Mabry*, 185 Cal.App.4th at 232 ("assess" and
6  "exploration" are narrowly construed).  The court in *Mabry* even noted that "assess"
7  can be accomplished by "something on the order of, 'why can't you make your
8  payments?'"  (*Id.*)  Similarly, "exploration" under the statute is limited to "merely
9  telling the borrower the traditional ways the foreclosure can be avoided."  (*Id.*)  Here,
10  there was clearly significantly greater contact than a simple inquiry about why
11  Plaintiff could not make his payments and information regarding ways the foreclosure
12  could be avoided.  Therefore, Plaintiff was contacted to "assess the borrower's
13  financial situation and explore options for the borrower to avoid foreclosure."  Cal.
14  Civ. Code. § 2923.5(a)(2).

15      *Third*, the SAC alleges there was a violation of California Financial Code §§
16  4970 *et seq*., California's anti-predatory lending statutes, by "Defendants" for
17  providing him with a loan that his financial situation indicated he could not repay.
18  For several reasons, this cannot provide the foundation for a UCL claim. Initially,
19  U.S. Bank was not the lender—nor did it have *any* role in the origination of Plaintiff's
20  loan. The SAC makes no allegations against U.S. Bank, nor could it, of how it
21  possibly could have violated this section of California's Financial Code.  Regardless,
22  any claim for violation of the statute is barred by the statute of limitations.  California
23  Code of Civil Procedure section 340 provides a one-year limitations period for statutes
24  such as California Financial Code sections 4970–4979.8. *See DeLeon v. Wells Fargo*
25  *Bank, N.A.*, 729 F.Supp.2d 1119, 1127 -1128 (N.D.Cal. 2010); *Nunez v. Bank of*
26  *America, N.A*., No. C 11-0081, 2011 WL 1058545, at *2 (N.D. Cal. March 22, 2011).
27  Plaintiff's purported claim arises out of Plaintiff's loan origination and accrued at the
28  loan's July 2007 consummation.  Therefore, any cause of action was long since barred

1    by the statute of limitations when Plaintiff filed his lawsuit in September 2013.  *See*

2    *Gutierrez v. PNC Mortg.*, No. 10cv01770, 2012 WL 1033063, at *3 (March 26, 2012)

3    (collecting cases applying one-year statute of limitations and finding claims under

4    Section 473 barred).

5          Furthermore, the SAC does not allege that Plaintiff's loan is a "covered loan"

6    pursuant to Financial Code section 4970.  Section 4970(b) provides:

7          "Covered loan" means a consumer loan in which the original principal balance
           of the loan does not exceed the most current conforming loan limit for a single-
8          family first mortgage loan established by the Federal National Mortgage
           Association in the case of a mortgage or deed of trust, and where one of the
9          following conditions are met:

10

11              (1)  For a mortgage or deed of trust, the annual percentage rate at
                consummation of the transaction will exceed by more than eight
12              percentage points the yield on Treasury securities having comparable
                periods of maturity on the 15th day of the month immediately preceding
13              the month in which the application for the extension of credit is received
                by the creditor.
14

15              (2)  The total points and fees payable by the consumer at or before
                closing for a mortgage or deed of trust will exceed 6 percent of the total
16              loan amount.

17

18    Cal. Fin. Code § 4970(b).  The complaint fails to allege facts that Plaintiff's loan

19    meets the conditions in section 4970(b). *See Nool v. HomeQ Servicing*, 653 F.Supp.2d

20    1047, 1054 (E.D.Cal.2009) (dismissing a section 4970 claim for failure to allege

21    "covered loan" conditions); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1081 -1082

22    (E.D.Cal. 2012).  To the contrary, the SAC is devoid of any allegations that the

23    subject loan is a "covered loan" or what section of the statute Plaintiff's loan

24    purportedly violated.

25          *Finally*, the SAC also alleges in a conclusory fashion that "Defendants"

26    breached an unidentified contract and breached the implied covenant of good faith and

27    fair dealing relating to this unidentified contract.  (SAC ¶¶ 83-84.)  The SAC does not

28    even identify what the contract is that was purportedly breached, let alone what the

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

17

breach by "Defendants" was and how it caused harm to Plaintiff.  Needless to say, this conclusory allegation of a breach does not salvage Plaintiff's UCL claim.

Finally,  Plaintiff lacks standing to bring a UCL claim.  It is black letter law that "[t]o bring a claim under the UCL, … Plaintiffs must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (citing CAL. BUS. & PROFS. CODE § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010)).  Here, Plaintiff has not pled how he was damaged by that alleged conduct.  See *Deleon*, 2011 WL 311376, at *7 (because "the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default … Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed"); *Justo v. Indymac Bancorp*, No. 09-1116 JVS (AGRx), 2010 WL 623715, at *6 (C.D. Cal. Feb. 19, 2010) (dismissing UCL claim with prejudice where plaintiffs could not allege a causal connection between the alleged injury and the allegedly unlawful act) (*citing Daro v. Superior Court* ,151 Cal. App. 4th 1079, 1099 (2007)).

The fifth cause of action should be dismissed for all of the above stated reasons.

## CONCLUSION

For the foregoing reasons, U.S. Bank requests that the Court grant its motion and dismiss all of the causes of action in Plaintiff's SAC. Further, because Plaintiff has already had three opportunities to plead a viable cause of action and has demonstrated an inability to do so, dismissal should be with prejudice.

///

///

///

///

///

///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

18

1   Dated:  February 18, 2014                    Respectfully submitted,

2                                                LOCKE LORD LLP

3

4                                                By: _____/ s/ Daniel A. Solitro_____

5                                                        Conrad V. Sison
                                                         Daniel A. Solitro
6                                                Attorneys for Defendant
7                                                U.S. BANK NATIONAL
                                                 ASSOCIATION, AS TRUSTEE,
8                                                SUCCESSOR IN INTEREST TO BANK
9                                                OF AMERICA, AS TRUSTEE FOR
                                                 CERTIFICATEHOLDERS OF BEAR
10                                               STEARNS ASSET BACKED
11                                               SECURITIES I LLC, ASSET-BACKED
                                                 CERTIFICATES, SERIES 2007-HE7
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

---

19

U.S. BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
*Jose Luis Garcia v. JPMorgan Chase Bank, N.A., et al.*, Case No. 8:13-cv-01588-AG-JPR

**CERTIFICATE OF SERVICE**

I, Daniel A. Solitro, an attorney, do hereby certify that on February 18, 2014, I electronically filed the foregoing **DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES SERIES 2007-HE7 MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

Dated: February 18, 2014          By:  ___/s/ Daniel A. Solitro_____
                                                    Daniel A. Solitro

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071