John E. Mortimer, Esq. (SBN: 130526)
LAW OFFICE OF JOHN E. MORTIMER
43980 Mahlon Vail Circle #806
Temecula, California 92592
Tel. (951) 330-0063
Tel. (949) 202-1297
Fax (949) 502-0819
johnemortimer@gmail.com

Attorney for Plaintiff,
JOSE LUIS GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSE LUIS GARCIA,<br><br>                    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,SUCCESSOR IN INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE7; and DOES 1 – 10 inclusive,<br><br>                    Defendants, | **Case No: 8:13-cv-01588-AG-JPR**<br><br>**Hon. Andrew J. Guilford**<br><br>**OPPOSITION TO U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: March 31, 2014**<br>**Time: 10:00a.m.**<br>**Courtroom: 10D** |

Plaintiff, JOSE LUIS GARCIA, ("Plaintiff") hereby submits his Opposition to Defendants', U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE7 ("USBANK"), Motion to Dismiss to Plaintiff's SECOND AMENDED COMPLAINT on the grounds that his complaint *does* state valid causes of action and that Defendants' Motion to Dismiss is without merit.

The opposition shall be based on this Opposition, Memorandum of Points and Authorities, complete files and records of this action and on other such oral and/or documentary evidence as may be presented at the hearing on the Motion.

DATED: March 10, 2014               LAW OFFICE OF JOHN E. MORTIMER


                                    BY: */s/ John E. Mortimer*
                                         JOHN E. MORTIMER, ESQ.
                                         Attorney for Plaintiff
                                         JOSE LUIS GARCIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant's motion challenges all of Plaintiff's claims. Defendant USBANK argues that Plaintiff's HBOR claims are all barred because the SAC fails to allege a lack of compliance with the Consent Judgment. See CC 2924.12(g): *"A signatory to the consent judgment . . . that is in compliance with the relevant terms of the Settlement . . . with respect to the borrower . . . while the consent judgment is in effect shall have no liability for a violation of . . . 2923.6 [dual tracking]."* However, Plaintiff contends, it is the servicer's burden to show that the safe harbor applies, because it is not the borrower's duty to argue it does not apply.

Notably, USBANK failed to allege that Chase was *in fact* compliant with the NMS as it pertains to Plaintiff. Just because the safe harbor exists does not mean it automatically applies to any signatories accused of an HBOR violation -- the statute clearly says it applies only if the signatory was NMS-compliant as it pertained to the borrower in question.

Plaintiff's complaint sets forth sufficient allegations, both legal and factual to establish claims for which relief can be granted.  Furthermore, Plaintiff's complaint is certain with respect to all elements pled. Thus, Defendant's Motion to Dismiss should be denied as discussed herein.

## II. RELEVANT FACTS AND ALLEGATIONS

On or about July 27, 2007, Plaintiff refinanced his home by executing a Note and Deed of Trust in the amount of $533,000.00 with ENCORE CREDIT. In late 2009, Plaintiff suffered financial difficulty due to a job loss and reduction in household income.

Plaintiff applied for a loan modification with the current loan servicer, CHASE. Plaintiff made no progress with CHASE. Plaintiff was given the run-around and a promise that the loan modification application was "under review". Throughout 2011, Plaintiff continued to resubmit his financial documents to CHASE which continued improperly ignore Plaintiff's legitimate requests for assistance.

## III. LEGAL STANDARD FOR DISMISSAL UNDER FRCP 12(b)(6)

Federal Rules of Civil Procedure, Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of their 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, (2007) 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to

dismiss. Ashcroft v. Iqbal, (2009) 556 U.S. 662. (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., (1990) 901 F. 2d 696, 699 (9th Cir. 1990).

Even applying the standard set by the case of Bell Atlantic Corporation v. Twombly 550 U.S. 544 (2007) which requires that complaint should have enough factual matter, not just labels, conclusions and formulaic recitation of the elements of cause of action, the instant case has still sufficient and enough facts to state a claim of relief that is tenable on its face.

With regard to the foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of Plaintiffs' claims.' Balderas v. Countrywide Bank, N.A. 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the Plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 Quoting In re Gilead Sciences Sec. Litig.,536 F.3d 1049,1057 (9th Cir. 2008).

Here, Plaintiff has stated and sufficiently identified facts in the SAC and enumerated the different causes of action against Defendants with sufficient factual support. A Complaint may not be dismissed if there is any set of facts set forth in the complaint which will support a cause of action. When a Court rules on motion to dismiss, it must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the Plaintiff. In fact, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318 (1996)

### IV. Plaintiff Has Alleged Sufficient Facts for a §2923.6 and §2923.7 Claims

Defendant's violation under this code section is twofold. First, Defendant USBANK as Trustee to the beneficiary has the authority to control loan servicer, CHASE. Defendant USBANK's conduct here is an attempt to deflect blame to CHASE while ignoring its own bad acts. Both Defendants CHASE and USBANK continued their foreclosure activity after being notified of Plaintiff's material change in financial circumstances, therefore, engaging in dual tracking.

Second, Defendants failed to make a determination whether Plaintiff qualifies for a foreclosure alternative after acceptance of Plaintiff's first lien loan workout application which was deemed completed after January 2013.

There is no dispute that Plaintiff has experienced a material change in his financial circumstances. Now, pursuant to the HBOR, specifically Civil Code §2923.6, USBANK and CHASE are compelled to review Plaintiff's modification application and cease all foreclosure activity.

Consider that, (SAC ¶ 33-36), on March 18, 2013, Plaintiff sought the assistance of a non-profit organization when he decided to apply again for a loan modification and the application was submitted to CHASE by the non-profit organization via Federal Express. Then on April 8, 2013, Plaintiff was contacted by CHASE requesting additional documents. Plaintiff provided the requested documents via fax to CHASE same day and again requested a "single point of contact" ("SPOC") to be assigned to Plaintiff. However, none of the above was ever provided by Defendants to Plaintiff. Defendants acted in bad faith.

On or about April 29, 2013, a Notice of Default was recorded stating that Plaintiff owed $8,973.00 as of April 26, 2013. According to the NOD signed by Michelle McDonald, beneficiary, USBANK, mortgage servicer, CHASE, or agent of beneficiary or mortgage servicer declares that it has complied with CA Civ. Code § 2923.5 and or 2923.55. Therefore with this language on the NOD, the beneficiary is aware and has authority to investigate and to direct CHASE to cease all foreclosure proceedings. The

note holder was aware of the loan modification application since they admitted that in the Declaration attached to the NOD.

In summary, USBANK is also liable to Plaintiff; they cannot be held blameless of CHASE' wrongdoing.

### V. PLAINTIFF HAS PROPERLY PLED THEIR CAUSE OF ACTION FOR VIOLATION OF B&P CODE § 17200

**A. Plaintiffs Properly Established Unlawful, Unfair and Fraudulent Business Practice**

As set forth in Plaintiff's SAC, his financial circumstances have changed materially for the better. Plaintiff's financial packet substantiating the change in income was completed in March 2013. Accordingly, pursuant to CA Civ. Code § 2923.6, under the CA HBOR, Defendants CHASE and USBANK are obligated to actually evaluate Plaintiff for any and all foreclosure prevention alternatives, including loan modification, based on material change in his financial circumstances.

The foreclosure activity alleged in the SAC is also a violation of California Business and Professions Code §17200 as "unlawful" and "unfair" business practices.

Pursuant to the provisions of Civil Code §2924g(c)(1)(A), a foreclosure sale may properly be postponed by order of a Court of competent jurisdiction such as this Federal District Court.

Plaintiff has pleaded specific facts in support of this cause of action and clearly suffered injury in fact, including loss of equity in his house, costs and expenses related to defending himself, fees and costs, including without limitation, attorneys' fees and costs and higher cost of obtaining credit due to the deterioration of his credit scores.

Plaintiff's UCL claim is premised on fraudulent fees and charges assessed onto the loan balance as well as filing a false declaration of compliance with §2923.55 "unfair" business practices because Defendants' "dual-tracking" of Plaintiff's loan modification process and "unlawful" business practices due to the violations of Civil Code §§2923.55 and 2923.6.

The term "fraudulent" is used in section 17200 does not refer to the common law tort of fraud but only requires a showing that members of the public are likely to be deceived. Puentes v. Wells Fargo Mort. Inc. (2008) Cal.App.4th 638.

Here, Plaintiffs' complaint alleged that Defendants' business acts and practices, include, but are not limited to, the following:  (1) executing and recording false and misleading documents; (2) executing and recording documents without legal authority to do so or defendants do not have legal pecuniary rights to receive such benefits under the DOT contract or California law (3) mishandling borrowers' loan modification application and failure to timely or properly review resulting in late charges, delinquencies or default; and (5) Executing and recording false and misleading

documents when Trustee had no authority to do so; Thus, Plaintiff has properly alleged with specificity that Defendants engaged in deceptive, unfair and fraudulent conduct under both the "unlawful" and "unfairness" prongs of B&P § 17200.

In addition, because UCL's remedies are cumulative to existing remedies, unlawful prong claims provide injunctive relief for HBOR violations even after the trustee's deed upon sale is recorded. <u>Vogan v. Wells Fargo, N.A.</u> 2011 WL 5826016 (E.D. November 17, 2011). The unfair prong of the UCL makes unlawful practices that violate legislative stated public policy, even if that activity is not technically prohibited by statute. For example, even though HBOR did not become effective until January 1, 2013, courts have held pre-2013 "robo-signing" and "dual-tracking" unfair under UCL.

Accordingly, Defendants' Motion to Dismiss Plaintiffs' B&P § 17200 cause of action should be denied.

## VI. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully requests that this Court deny Defendants' Motion to Dismiss to Plaintiffs' First Amended Complaint in its entirety. Alternatively, if the Court finds that one or more of Plaintiffs' causes of action have not been properly pled, Plaintiffs respectfully requests leave of court to amend their complaint.

DATED: March 10, 2014                LAW OFFICE OF JOHN E. MORTIMER


                                     BY: */s/ John E. Mortimer*
                                         JOHN E. MORTIMER, ESQ.
                                         Attorney for Plaintiff
                                         JOSE LUIS GARCIA

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address 1503 S. Coast Drive, Suite 318, Costa Mesa, CA 92626.

On the date set forth below, I served the within entitled document: **OPPOSITION TO MOTION TO DISMISS SAC** on the interested party by the method of service indicated below, and addressed as follows:

| NAME & ADDRESS OF ATTORNEY | PHONE NUMBER | ATTORNEY FOR |
|---|---|---|
| Conrad V. Sison, Esq. (SBN:217197)<br>Daniel Solitro (SBN: 243908)<br>LOCKE LORD LLP<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, CA 90071 | Tel: (213) 485-1500<br>Fax: (213) 482-1200 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE7 |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with US Postal Service on the same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the office of the addressee.

☒ **BY FACSIMILE:** (213) 482-1200

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Date: March 10, 2014

*/s/ Lynn Pham*
LYNN PHAM

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS SAC